# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

June 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| DRUCILLA GAY KILLION, | ) | GREENE CHANCERY |
| | ) | (No. 97000150) |
| Plaintiff/Appellee | ) | |
| | ) | NO. 03A01-9807-CH-00229 |
| v. | ) | |
| | ) | HON. THOMAS R. FRIERSON, II |
| JIMMY DALE KILLION, | ) | CHANCELLOR |
| | ) | |
| Defendant/Appellant | ) | AFFIRMED |

David L. Leonard, Greeneville, for Appellant.

L. Kirk Wyss, Morristown, for Appellee.

## O P I N I O N

INMAN, Senior Judge

The custody of two children is the principal issue in this case. A secondary issue involves the monetary valuation of a mobile home. The Chancellor awarded custody of the children to their mother, and ordered the father to pay her $9,000.00 for her marital interest in the mobile home. Father appeals, insisting that the evidence preponderates against the judgment.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996).

The parties have three sons, Derek, age 15, Chad, age 12, and Bryan, age 11. When Wife filed her complaint in July, 1997, Derek was residing with his father; his younger brothers remained with their mother.

The custody of Derek was awarded to his father and is not an issue on appeal.

When the parties separated, Wife, with Chad and Bryan, moved into a house owned by Wendell Thacker who was disabled as a result of injuries sustained in a car crash in which his wife was killed. It is the relationship between Wife and Thacker of which Husband complains; he insists that the clear preponderance of the evidence proved that Wife and Thacker were engaged in a meretricious relationship which was so blatant as to render her unfit to have the care and custody of Chad and Bryan.

## I

Wife testified that she performed housekeeping services for Thacker; that they occupied the same residence; that she had "given him friendly kisses;" that they did not have a sexual relationship; that they vacationed together, with their children, in Florida and Gatlinburg. Her relationship with Thacker was enquired into exhaustively, and no evidence was presented of her parental unsuitability other than her relationship with Thacker.

The Chancellor observed that the Wife's association with Thacker had the appearance of impropriety, but specifically found that her relationship with him was not sexual or intimate. The preserved testimony is somewhat jarring on this point, but we are mindful that what may seem to be often is not. The credibility of Wife, a major factor, was the prerogative and responsibility of the Chancellor, whose finding is well-nigh conclusive. *Galbreath v. Harris,* 811 S.W.2d 88, 91 (Tenn. App. 1990). The Chancellor recognized the well-known and oft-expressed rules respecting the best interests of the children, and the comparative fitness of the parents. *In re: Parsons,* 914 S.W.2d 889 (Tenn. 1995).

The evidence does not preponderate against the award of custody.

## II

Husband complains that the evidence preponderates against the finding that the market value of the residential mobile home was $18,000.00.

Wife testified that the mobile home, with the additions of two porches, two rooms and a closet, was worth $25,000.00. Husband testified that the mobile home, with an above-ground swimming pool, was worth $7,300.00. Husband's father owned the land on which the mobile home was located.

The mobile home was awarded to Husband, who was ordered to pay Wife $9,000.00 for her marital interest. No proof was offered other than the testimony of the parties as to the value of the mobile home, and we cannot find that the judgment is contrary to the preponderance of the evidence.

The judgment is affirmed at the costs of the appellant and the case is remanded for all necessary purposes.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge


_____
Charles D. Susano, Jr., Judge